IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) SARA HARPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. CIV-21-645-R |
| v. | ) | |
| | ) | |
| (1) THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF CLEVELAND COUNTY, STATE OF OKLAHOMA, | ) ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

**ORIGINAL COMPLAINT**

Plaintiff brings this action against Defendant and for cause of action would show the Court as follows:

**NATURE OF CLAIM**

1.1   This jury action seeks to enforce rights created under the Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000, *et. seq*., Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101 *et seq*., and Oklahoma Anti-Discrimination Act ["OADA"], 25 O.S. 1101 *et. seq*.  As redress for Defendant's violation of Title VII, ADA and the OADA, Plaintiff prays for and demands declaratory, legal and equitable relief, including back pay, reinstatement or, in the alternative, front pay, punitive damages, liquidated damages, damages for emotional distress and attorney fees and costs.

## JURISDICTION AND VENUE

2.1     This Court has jurisdiction over Plaintiff's Title VII claims brought under federal law pursuant to 42 U.S.C § 2000e-5(f)(3) and 28 U.S.C. § § 1331 and 2001, the Pregnancy Discrimination Act of 1978, which amended Title VII, and Title I of the Americans with Disabilities Act ["ADA," 42 USC § 12101 et seq.].

2.2     At all relevant times, Defendant has continuously been a covered entity under Section 1301 of the OADA.

2.3     All conditions precedent to Plaintiff's entitlement to relief in this action have been fulfilled and satisfied.

2.4     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3), because all or a substantial part of the events or omissions giving rise to the claims set forth herein occurred within the judicial district of this Court and because Defendants reside within the judicial district of this Court within the meaning of 28 U.S.C. § 1392(b)(1) and (c).

2.5     Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission.  A Notice of Right to Sue was then issued by the U.S. Equal Employment Opportunity Commission dated May 13, 2021.  This lawsuit was filed within 90 days of receipt of the notice.

## PARTIES

3.1     Plaintiff is a female citizen of the United States and a resident of Oklahoma County, Oklahoma.

3.2     At all times material to this action, Defendant has continuously been and is a municipality or political subdivision of the State of Oklahoma and County of Cleveland.  Service of this Original Complaint and Demand for Jury Trial may be accomplished by serving the Cleveland County Clerk, Cleveland County Courthouse, 201 S. Jones, Suite 210, Norman, OK 73069.

## BACKGROUND

4.1     On or about December 10, 2017 Defendant hired Plaintiff as House Keeper.

4.2     Plaintiff worked at the Cleveland County Courthouse facility.

4.3     Plaintiff always met or exceeded performance expectations and never received any formal discipline during her employment.  Her immediate supervisor was Earl Cox, male.

**Report of Pregnancy Diagnosis**

4.4     On or about September 16, 2018 Plaintiff learned that she was 11 weeks pregnant.

4.5     Prior to that time, Plaintiff had been working her position without any physical problems or conditions affecting her duties related to being pregnant.

**Involuntary Leave of Absence**

4.6     The next day, Plaintiff notified Supervisor Cox that she was 11 weeks pregnant.

4.7     Supervisor Cox instructed Plaintiff to undergo another examination by her physician to determine her ability to perform her job.  Plaintiff explained that she was working without any difficulty related to pregnancy.

4.8     To meet the condition, Plaintiff returned to her physician the next day. Her physician put in place a 20 lb. weight restriction.

4.9     Plaintiff notified Supervisor Cox and delivered to him a copy of her restriction that same day.  Cox placed her upon an immediate leave of absence without pay and she used her accrued leave to receive pay.

**Termination**

4.10    By correspondence dated September 19, 2020 from Human Resources, Plaintiff's employment was terminated due to the restriction.

4.11    Prior to her termination, Defendant never discussed or interacted with Plaintiff regarding the nature of her restriction or ability to perform her job duties.

4.12    Plaintiff's position in housekeeping did not involve lifting 20 lbs. Plaintiff cleans rooms and disposes of trash, mostly paper.  Plaintiff would use a broom, mop or vacuum – all less than 20 lbs.

4.13    Prior to her termination Plaintiff had been fulfilling all her job duties while pregnant.  Plaintiff could perform her essential job duties with or without the restriction.

4.14    Based upon information and belief, Defendant has provided accommodations or ignored restrictions to accommodate others in their ability or inability to work.

4.15    Defendant suspended and then terminated Plaintiff upon notice of a work restriction.

### COUNT I:  Title VII of the Civil Rights Act of 1964, and the Pregnancy Discrimination Act, 42 U.S.C. §§ 2000e(k), 2000e-2(a)(1), (k) and OADA (Sex Discrimination in Employment)

5.1    Plaintiff incorporates and realleges, in full, paragraphs 4.1 through 4.15 of this Complaint.

5.2    At all times material to this cause of action, Defendant has continuously been and is an employer "engaged in an industry affecting commerce" within the meaning of 42 U.S.C. § 2000e(a), (b), (g) & (h), and has continuously employed fifteen or more employees within the meaning of 42 U.S.C. § 2000e(b) & (f).

5.3    At all times material to this cause of action, Plaintiff was an employee of Defendant, and Defendant was Plaintiff's employer, within the meaning of 42 U.S.C. § 2000e(f) and the OADA.

5.4    Title VII of the Civil Rights Act of 1964, as amended ("Title VII") prohibits discrimination on the basis of sex, including on the basis of pregnancy and related medical conditions.  42 U.S.C. §§ 2000e(k), 2000e-2(a)(1).

5.5    Under the Pregnancy Discrimination Act of 1978, which amended Title VII, employers are required to afford pregnant workers the same treatment and benefits in employment as "other persons not so affected but similar in their ability or inability to work."  42 U.S.C. § 2000e(k).

5.6     All conditions precedent to Plaintiff's entitlement to relief under this cause of action have been fulfilled and satisfied.

5.7     Plaintiff's sex and/or pregnancy was a motivating factor in the decision of Defendant to terminate Plaintiff.  Defendant otherwise willfully, knowingly, and intentionally discriminated against Plaintiff on the basis of her sex and her pregnancy in her termination.  By engaging in such conduct, Defendant violated, and continue to violate § 703(a)(1) of Title VII of the Civil Rights Act ("Title VII") and the OADA, 25 Okla. Stat. § 1101 *et. seq.*, which makes it an unlawful employment practice for an employer to discharge any individual because of sex.

5.8     Defendant engaged in the conduct alleged under this Court with malice and reckless indifference to the federally protected rights of Plaintiff, within the meaning of 42 U.S.C. Section 1981a.

5.9     As a direct and proximate result of the violations of Title VII and OADA alleged under this Count, Plaintiff has been damaged by the loss of her employment with Defendant and the loss of compensation, including bonuses and employee benefits, and promotions she would have received as an employee of Defendant had she not been discharged in violation of Title VII and OADA.

5.10    As a direct and proximate cause of Defendant's violation of Title VII and OADA as alleged under this Count, Plaintiff has also suffered other pecuniary losses, the type and amount of which will be established at the trial of this cause.

## COUNT II:  ADA and OADA

6.1    Plaintiff incorporates and realleges, in full, paragraphs 4.1 through 5.10 of this Complaint.

6.2    The Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101 *et seq.*, prohibits employers from discriminating against people with disabilities in employment, including failing to make reasonable accommodations to known physical limitations of otherwise qualified individuals with disabilities, unless the employer can demonstrate that the accommodation would impose an undue hardship.

6.3    In 2008, Congress enacted the ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553.  This set of amendments broadened the list of major life activities of which a substantial limitation amounts to a disability to include lifting and bending, as well as the operation of reproductive functions.

6.4    While Plaintiff was subject to the doctor's restrictions, she was substantially limited in the major life activities of a 25 lb. weight restriction and was therefore entitled to a reasonable accommodation under the ADA and OADA, absent a showing of undue hardship.

6.5    Plaintiff was able to perform the essential functions of her job with or without a reasonable accommodation during which she would be subject to the lifting restriction.  After her pregnancy-related impairment subsided, she would also be able to perform the essential functions of her job without any accommodation.

6.6    Plaintiff is a qualified individual who had a disability during the period in question.  The reasonable accommodation that Plaintiff requested would not have imposed an undue hardship on Defendant.  Defendant routinely grants such accommodations to other employees with temporary lifting restrictions.

6.7    By denying Plaintiff a reasonable accommodation and forcing her to take unpaid leave and termination, Defendant violated her rights under the Americans with Disabilities Act and OADA.

6.8    Defendant further violated her rights under the ADA and OADA because they regarded Plaintiff as having an impairment.  Plaintiff was performing all job duties while pregnant and before her termination.  Defendant placed Plaintiff on an immediate unpaid leave and then terminated her a few days later.

6.9    Defendant further failed to engage in the required interactive process with Plaintiff and/or health care provider to determine the nature of the 25 lb. restriction or ability to perform essential job duties.

6.10   Defendant terminated her even though she was otherwise qualified to continue working in her position.

6.11   Defendant placed Plaintiff on unpaid leave and terminated her based on her impairment or perceived impairment.

WHEREFORE, PLAINTIFF prays that this Court:

1.    A judgment that Defendant has engaged in all of the conduct alleged in this Petition, and that Defendant has, by engaging in such conduct, violated Title VII, ADA and the OADA.

...

2. An injunction permanently enjoining Defendant from engaging in the future the discriminatory employment practices alleged in this Original Complaint.

3. A judgment against Defendant awarding Plaintiff an amount equal to the lost wages and employment benefits had she not been terminated by Defendant in violation of Title VII, ADA and the OADA.

4. A judgment awarding Plaintiff an amount equal to the front pay, including salary/wages, bonuses and benefits, she would have received, from the date of judgment through the date she would have retired or resigned from employment at Defendant.

5. Enter an equivalent money judgment awarding Plaintiff liquidated damages, as provided in the OADA;

6. A judgment against Defendant awarding Plaintiff compensatory damages as redress for Defendant's unlawful conduct;

7. A judgment against Defendant awarding Plaintiff compensation for past and future nonpecuniary losses, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

8. A judgment against Defendants awarding Plaintiff an amount equal to the costs of bringing this action, including a reasonable attorney fee.

9. A judgment awarding Plaintiff such other legal and equitable relief as may be appropriate, including prejudgment and postjudgment interest.

Respectfully submitted,

<u>s/Jeff Taylor</u>
Jeff A. Taylor
State Bar No. 17210
The Offices at Deep Fork Creek
5613 N. Classen Blvd.
Oklahoma City, OK 73118
Telephone:   (405) 286-1600
Facsimile:    (405) 842-6132

ATTORNEYS FOR PLAINTIFF

**DEMAND FOR JURY TRIAL**

In accordance with Fed.R.Civ.P. 38(b), Plaintiff demands a jury trial of all of his claims in this action.

<u>s/ Jeff A. Taylor</u>
Jeff A. Taylor